**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MICHAEL W. ESTER,<br>                Appellant, | DOCKET NUMBER<br>AT-0831-15-0435-I-1 |
|         v. | |
| OFFICE OF PERSONNEL<br>   MANAGEMENT,<br>              Agency. | DATE: September 28, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael W. Ester, Old Hickory, Tennessee, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision which affirmed the reconsideration decision of the Office of Personnel Management (OPM) that found he was ineligible to provide a Civil Service Retirement System (CSRS) survivor annuity benefit to his current spouse. Generally, we grant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The record reflects that the appellant retired from Federal service in November 2002 with a CSRS retirement annuity.  Initial Appeal File (IAF), Tab 5.  When he retired, he elected to provide a survivor annuity to his wife.  *Id*. On January 25, 2010, the appellant advised OPM that his wife passed away on January 15, 2010.  *Id*.  The appellant remarried on December 4, 2010.  In a letter postmarked May 29, 2014, the appellant asked OPM to assign a survivor annuity to his current wife.  IAF, Tabs 5, 8.  OPM's initial and reconsideration decisions denied the appellant's request, finding that his written request was submitted after the statutory 2-year period following his remarriage had expired and, thus, it was untimely.  IAF, Tab 5.

¶3        The appellant filed this appeal challenging OPM's reconsideration decision. IAF, Tab 1.  After holding the requested hearing, the administrative judge found that the appellant failed to prove that he timely elected a survivor annuity within the 2-year period following his 2010 marriage to his current spouse.  IAF, Tab 10, Initial Decision (ID) at 4.   The administrative judge further found that the

appellant failed to establish grounds for a waiver of the 2-year deadline to elect a CSRS annuity for his current spouse. *Id.* Thus, the administrative judge affirmed OPM's reconsideration decision. *Id.*

¶4    The burden of proving entitlement to a survivor annuity is on the applicant for benefits. *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986), *cert. denied*, 479 U.S. 1037 (1987). To meet this burden here, the appellant must show that he elected to provide a survivor annuity for his spouse "in a signed writing received" by OPM within 2 years after his marriage. 5 U.S.C. § 8339(k)(2)A); *see Lee v. Office of Personnel Management*, 118 M.S.P.R. 604, ¶ 4 (2012). In addition, the Board has recognized three possible bases for waiving a filing deadline prescribed by statute or regulation: (1) the statute or regulation may provide for a waiver under specified circumstances; (2) an agency's affirmative misconduct may preclude enforcement of the deadline under the doctrine of equitable estoppel; and (3) an agency's failure to provide a notice of rights and the applicable filing deadline, where such notice is required by statute or regulation, may warrant waiver of the deadline. *Perez Peraza v. Office of Personnel Management*, 114 M.S.P.R. 457, ¶ 7 (2010).

¶5    Concerning the third basis, OPM is required to send notice to all retirees, on an annual basis, informing them of their survivor annuity election rights. *See Mroz v. Office of Personnel Management*, 71 M.S.P.R. 299, 301 (1996). OPM bears the burden of proving that the notice was sent as well as proving the contents of the notice. *Cerilli v. Office of Personnel Management*, 119 M.S.P.R. 404, ¶ 7 (2013). Our reviewing court has found that OPM may establish by preponderant evidence that it sent the notice by submitting the affidavit of the OPM official responsible for printing and distributing retirement forms and notices, which discusses how notices were prepared by the automated computer system and averring that "'[g]eneral notices regarding survivor elections were sent to all annuitants' and that, as a result of the procedures OPM followed, 'a notice was sent to each and every annuitant on [OPM's] rolls at the time of each

mailing.'" *Schoemakers v. Office of Personnel Management*, [180 F.3d 1377](), 1381 (Fed. Cir. 1999) (alterations in the original). If OPM can establish through credible evidence that it is more probable than not that it sent the notice, the burden of going forward falls upon the appellant, who must put forth credible testimony or other evidence tending to support his contention that the annuitant did not receive the notice. *Id*. The administrative judge then must decide whether to credit the appellant's evidence of nonreceipt and whether such evidence overcomes the presumption that the annuitant received the notice. *See Hathaway v. Office of Personnel Management*, [118 M.S.P.R. 678](), ¶ 9 (2012).

¶6     On review, the appellant does not challenge the administrative judge's finding that his request to elect a survivor annuity for his current spouse was untimely, but instead he reasserts that the 2-year filing deadline should be waived because he did not receive OPM's annual notice. Petition for Review (PFR) File, Tab 1. Specifically, he asserts that he had already moved from his home on Shadow Lane where OPM mailed the annual notice in 2011. The appellant also asserts that the second notice mailed to him in 2012 was more than 2 years after his second marriage and that, even if he had filed a request at that time, it still would have been untimely filed. *Id*. To support his argument that he no longer owned the house on Shadow Lane when OPM mailed the annual notice in December 2011, the appellant attached copies of sales documents for that house dated August 28, 2011.[2] *Id*.

¶7     The appellant reasserts that the statutory filing deadline should be waived because he did not receive OPM's annual notice of the 2-year filing deadline to

---

[2] We note that OPM has filed a response in which it attempts to clarify the dates on which the annual notices were sent to the appellant, and it asserts that the record contains a copy of the 2010 annual notice which was mailed to the appellant's house on Shadow Lane in December 2010, after he married his current spouse and prior to his selling that house. PFR File, Tab 4 at 5. OPM also argues that, to the extent the appellant asserts that he did not receive the 2011 notice because he moved, the appellant is responsible for notifying OPM of any address change, and filing a forwarding address with his post office. PFR File, Tab 4.

elect a survivor annuity for his spouse, but OPM submitted an affidavit from the administrator of the OPM contract for printing and distribution forms and notices stating that general notices were sent to all annuitants, in each of the years from 1989 through 2012, as well as a copy of the notice OPM claims was sent. IAF, Tab 5 at 9-15. Although the appellant submitted documents for the first time on review reflecting that he sold his home prior to the December 2011 annual notice, OPM's affidavit shows that an annual notice was mailed to him in December 2010. *Id.* Thus, the appellant received notice in the same month that he married his current spouse. *Id.* Further, to the extent that the appellant asserts that he did not receive the December 2011 notice, it is the appellant's responsibility to notify OPM of any address change. *Id.* at 12, 14. Because OPM's evidence shows that it sent the appellant written notices explaining his survivor annuity election options each year after he retired in accordance with 5 C.F.R. § 831.681, the administrative judge correctly affirmed OPM's decision that the appellant is not entitled to a waiver of the statutory filing deadline.

¶8 Accordingly, because the appellant has not met the statutory requirements to elect a survivor annuity for his spouse, we conclude that the administrative judge correctly affirmed OPM's reconsideration decision. *See Office of Personnel Management v. Richmond*, 496 U.S. 414, 416, 434 (1990) (the Board cannot order payment of retirement benefits when the statutory conditions for such benefits have not been met).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             William D. Spencer
                             Clerk of the Board

Washington, D.C.